# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|---|
| **CASE NUMBER** | 10 C 7215 | **DATE** | | 3/31/2011 |
| **CASE TITLE** | Matthews vs. City of Naperville Police Dept. | | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff's motion to proceed *in forma pauperis* is granted and his motion for appointment of counsel is denied without prejudice. Plaintiff's most recent amended complaint [10] is stricken. Plaintiff may proceed only against Defendant Driscoll. All other defendants are dismissed from the suit.

■[ For further details see text below.]

Notices mailed by Judicial staff.

---

## STATEMENT

Plaintiff Kevin Matthews filed a pro se complaint on Nov. 9, 2010 and sought leave to proceed *in forma pauperis* and for appointment of counsel. The Court noted that under 28 U.S.C. § 1915(e)(2), the Court is required to screen an indigent plaintiff's complaint and dismiss the action if it is frivolous or fails to state a claim upon which relief can be granted. *Staten v. Hoosman*, 2011 WL 148265, at * 1 (S.D. Ill. Jan. 18, 2011). Because Plaintiff's complaint was handwritten and difficult to decipher, the Court ordered him to revise and resubmit it.

On March 10, 2011, Plaintiff submitted an amended complaint [8] which is typewritten and more detailed than his prior submission, but still largely unintelligible. However, this Court should construe *pro se* complaints liberally. Viewed generously, Plaintiff's complaint arguably states a claim that he was issued a ticket without probable cause during a May 2, 2008 traffic stop in violation of 42 U.S.C. § 1983.

As such, the court will allow Plaintiff's complaint against Defendant Driscoll, the police officer who issued the ticket, to proceed. However, Defendant also names the Naperville Police Department and its police chief, identified as E. Dial (presumably David E. Dial). The doctrine of respondeat superior does not apply to § 1983 actions, and Plaintiff's complaint alleges no personal involvement by the police chief, so he is dismissed from the suit. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Nor is a police department a suable entity under § 1983, so it too is dismissed. *Cunningham v. Downey*, 2010 WL 2925936, at *6 (C.D. Ill. July 21, 2010).

Additionally, however, Plaintiff's amended complaint references two incidents unrelated to the May 2, 2008 traffic stop: (1) alleged harassment by Michael Santo, an assistant attorney for Naperville; and (2) an incident in which he complains that Naperville police failed to properly investigate a Nov. 4, 2009 auto accident in which he was injured. The details of the second two claims are even more difficult to understand than

## STATEMENT

Plaintiff's claim in regard to the traffic stop, and the Court cannot find that they state a claim for relief. The Court also notes that it was unable to find a listing for an attorney named Michael Santo on the Web site of the Illinois Attorney Registration & Disciplinary Commission, and is unsure if his name is spelled correctly in the complaint.

Regardless, under Fed. R. Civ. P. 18(a), "unrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). And under Fed. R. Civ. P. 20, joinder of multiple defendants in one case is proper only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Here, if there is a relationship between the incidents about which Plaintiff complains, the Court fails to see it.

Under Fed. R. Civ. P. 21, misjoinder of parties is not a grounds for dismissing an action; rather the wrongly named parties should be dropped from the case. As such, the court drops Santo from the suit. Likewise, the Court drops the defendants presumably named in connection with the auto accident incident, named only as "City of Naperville Police John Doe Officer, 1 and 2" and "Insurance company(s) (x,y,z)." The plaintiff is advised that if he wishes to pursue these complaints, he must file new actions that comply with Fed. R. Civ. P. 8(a)(2)'s requirement of "a short and plain statement of the claim showing that the pleader is entitled to relief." He must also comply with the rules regarding joinder of claims and parties outlined above.

Compounding the problem, on March 24, 2011, Matthews submitted another amended complaint [10], complaining of the traffic stop by Driscoll and alleged harassment in 2007 and 2008 by unnamed officers of the Naperville Police Department. As discussed above, Plaintiff cannot lump together unrelated claims in one lawsuit. The Court understands from reading Plaintiff's filings that he is disabled, but it is difficult for the Court to act on his case when each amended complaint he files raises new, seemingly unrelated issues. As such, the Court strikes the most recent amendment.

Plaintiff also requests to proceed *in forma pauperis* under 28 U.S.C. §1915(a) and seeks appointment of counsel. Plaintiff's financial affidavit indicates that both he and his wife are disabled, and they are separated. He receives a total of $574 a month in social security benefits, has no savings or financial instruments, and owns no real estate. The Court accepts these allegations and finds that Plaintiff meets the required showing of indigency, but reminds Plaintiff that if his allegations of poverty are shown to be false, the case may be dismissed with prejudice. *See Mathis v. New York Life Ins.*, 133 F.3d 546, 547-48 (7th Cir. 1998).

Plaintiff also seeks appointment of counsel, but his motion reflects no attempts to retain counsel. Given that, Plaintiff's motion for appointment of counsel is denied without prejudice. If plaintiff submits a revised motion for appointment of counsel reflecting efforts to obtain a lawyer, the Court will reconsider his motion.